CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
March 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DAVID L. KONICK, TRUSTEE,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:24cv00043 |
| v. ) | |
| ) | |
| **BOARD OF SUPERVISORS OF** ) | By: Hon. Robert S. Ballou |
| **RAPPAHANNOCK COUNTY** ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, David Konick, Trustee, an attorney representing himself, brings this lawsuit against the defendant, Board of Supervisors of Rappahannock County ("the Board"), challenging the Board's amendment of its Zoning Ordinance to require that applicants own a property for two years before applying for a special exception to develop a tourist home. Konick claims the two-year ownership requirement violates Virginia law and is unconstitutional. The Board filed motions to dismiss under Rule 12(b)(1) for lack of jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Because I find that Konick does not have standing to bring this lawsuit, I grant the Board's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.[1]

**I.   Standard of Review**

A motion to dismiss under Rule 12(b)(1) challenges a district court's subject matter jurisdiction. The plaintiff bears the burden of establishing, by a preponderance of the evidence, subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). Defendants may challenge subject matter jurisdiction by either a facial challenge or a

---

[1] Because I find no subject matter jurisdiction, I will not address the 12(b)(6) motion. "Without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998).

factual challenge. *Kerns v. United States*, 585 F.3d 187 (4th Cir. 2009). In a facial challenge, a defendant asserts the complaint fails to allege sufficient facts showing subject-matter jurisdiction, and, in deciding a facial challenge, the facts alleged in the complaint are taken as true, as in a 12(b)(6) motion. "If the defendant challenges the factual predicate of subject matter jurisdiction, '[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.'" *Kerns*, 585 F.3d at 192 (4th Cir. 2009) (quoting *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982)). "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (citing Fed.R.Civ.P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001)).

## II.     Factual Background

Konick challenges the Board's amendment to its Zoning Ordinance, adopted on March 4, 2024 ("the 2024 Amendment"), which states:

> (9) The zoning administrator shall not accept a special exception application for tourist homes unless the applicant/owner has owned the subject parcel for a period of not less than two years.

Compl. ¶¶ 4, 5, Dkt. 1-1 (citing Code of Rappahannock County, Virginia § 170-66 (K), Additional Standards for Tourist Homes and Bed-and-Breakfasts). Konick alleges the 2024 Amendment exceeded the Board's statutory zoning authority, constituted an unconstitutional taking, and violated the United States and Virginia Constitutions.

The Complaint alleges that "the Trust of which [Konick] is Trustee" owns a 73-acre parcel of land in Rappahannock County, Tax Map No. 40-28. Compl. ¶ 2. While Konick does not

2

allege that he applied for the special exception, he does claim that the 2024 Amendment prevents him from using the property for a purpose "that is permitted to other similarly situated owners" in the specified zoning districts in Rappahannock County." *Id*. ¶ 5. Konick also alleges the 2024 Amendment diminished both his ability to sell the property and its market value. *Id.* ¶ 6.

Konick claims that the Trust acquired the property "by deed recorded September 8, 2022–a period of less than two (2) years before the filing of this lawsuit and the effective date of the local ordinance that is the subject of this proceeding." Compl ¶ 2. However, the Board challenges this factual assertion, claiming that the two-year ownership requirement does not preclude Konick from applying for an exception to develop a tourist home, as the Trust has owned the property for more than two years. In fact, the Trust had owned the property for two years even when the Board passed the 2024 Amendment. "Rather than the September 8, 2024 date [Konick] included in his Complaint, the deeds evidencing a transfer in ownership of the Property were dated five months earlier and, coincidentally, exactly two years before the Board adopted the March 4, 2024 Ordinance regarding tourist homes." Dkt. 16 at 3. While Konick complains that the Board's argument depends on material facts well outside the pleadings, I will consider evidence beyond the pleadings on a motion to dismiss when that evidence impacts subject matter jurisdiction. *Kerns*, 585 F.3d at 192.

As evidence, the Board provides the deed entered into on March 4, 2022, between David L. Konick and Julie Renae Gibson, as Grantors, and David L. Konick, Trustee, as Grantee, conveying the property to David L. Konick, Trustee. Dkt. 16-1, at 7-10. Konick does not dispute the validity of this deed, which is a public record subject to judicial notice. Thus, as of both the date the Board adopted the 2024 Amendment, March 4, 2024, or its effective date, July 1, 2024, the Trust had already owned the property for two years. Likewise, as of the date Konick filed this

3

lawsuit, June 6, 2024, the Trust had already owned the property for more than two years, and its ability to apply for a special exception to develop a tourist home remained unaffected by the 2024 Amendment.

### III. Constitutional Standing

That a plaintiff has standing to sue in federal court is "an essential and unchanging part of the case or controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Requiring standing makes certain that the party in front of us is the "proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The "irreducible constitutional minimum of standing" requires a plaintiff to show (1) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury would likely be redressed by judicial relief. *Id.* Here, Konick has not shown an "injury in fact" and thus, does not have standing to sue.

The first element of Article III standing, injury-in-fact, requires a plaintiff to show "an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560). While certain threatened–as opposed to actual–injuries satisfy Article III standing, the plaintiff must "allege an injury to himself that is distinct and palpable, as opposed to merely abstract." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

#### A. The 2024 Amendment Does Not Prevent Konick's Application

On the day Konick filed suit claiming the 2024 Amendment prevented his application to develop a tourist home, the Trust had actually owned the property for two years. The two-year

4

ownership requirement is the only provision at issue, and it does not apply to the Trust. Here, Konick is not the "proper party to invoke judicial resolution" because the ordinance does not affect him.[2] *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc.,* 578 U.S. at 340 (citations omitted). As the Board acknowledges, while Konick, *who never even applied for a special permit*, lacks standing, "[a]ny person who applied for and was denied a permit to develop a tourist home would have standing to bring a claim challenging that denial under Va. Code § 15.2-2285(F)." Dkt. 16.

### B. Allegations of Diminished Market Value are Speculative

Beyond alleging the 2024 Amendment bars his special exception application, Konick makes one other argument to show "injury in fact" – that the Amendment will "have a chilling effect" on a potential sale of the property and "cause an immediate diminution" in market value. Compl. ¶ 6. Under some circumstances, a facial constitutional challenge to a zoning ordinance – that the "existence and threatened enforcement of the ordinance" adversely affects values and the market–can provide the required actual or imminent concrete injury. *See Beacon Hill Farm Assocs. II Ltd. P'ship v. Loudoun Cnty. Bd. of Sup'rs*, 875 F.2d 1081, 1083 (4th Cir. 1989) (citing *Vill. of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 383 (1926) (collecting cases showing the distinction between a claim that simply enacting the statute is unconstitutional, versus a claim that the impact on a specific piece of property is unconstitutional)). However, here, to the extent Konick makes a facial challenge to the 2024 Amendment, his allegations of

---

[2] Contrary to Konick's argument, the standing issues here are not like those in *Grano v. Rappahannock Elec. Coop.*, 552 F. Supp. 3d 563 (W.D. Va. 2021). In *Grano*, the court found standing because once the challenged statute went into effect, the plaintiffs suffered an injury in fact. The statute, which expanded the easement on their property to include broadband "as a matter of law," encumbered the plaintiff's property, altered the existing easement, and precluded affected property owners from just compensation remedies. *Id.* at 572. In contrast, here, the 2024 Amendment requiring a two-year wait for new property owners does not apply to the Trust, which has owned the property for more than two years.

5

reduced market value do not adequately allege an "injury in fact" to establish standing. Konick's claims are no more than conclusory allegations as to possible harms, and he provides no factual support that the 2024 Amendment would produce these harms. *See e.g. Friends of the Rappahannock v. Caroline Cnty Bd. Of Supervisors,* 743 S.E.2d 132 (Va. 2013); *see also Beck v. McDonald*, 848 F.3d 262, 270–71 (4th Cir. 2017) (finding risk of future identity theft from data breach including plaintiff's personal information too speculative to establish standing).

Konick's property is not for sale, and Konick has not sufficiently alleged that the zoning ordinance reduces the market value of the property. Indeed, for buyers not interested in creating a tourist home and/or opposed to increasing tourist homes in the area, it could raise the market value. Even for those buyers interested in applying for a special exception permit, Konick has simply speculated that the 2024 Amendment would negatively impact the purchase price. Of course, the Amendment does not bar subsequent owners from applying, it requires them to wait two years before applying. Konick alleges:

> [A]pplication of the [2024] Amendment will have a chilling effect on any potential sale of [the property] and cause an immediate diminution in its market value, since many prospective purchasers would be interested in using all or a portion of [the property]–which has approximately [] one mile of frontage on the Thornton River and numerous building sites with spectacular views of Red Oak Mountain, Old Rag Mountain and the Blue Ridge Mountains–as a tourist home.

Compl. ¶ 6.

While at the pleading stage, allegations of injury should be accepted as true when there is sufficient "factual matter" to render them "plausible on [their] face," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), I will not apply the same presumption of truth to the Complaint's "conclusory statements" and "legal conclusions." *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "Bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,

6

591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. 662). Konick's allegations of injury are not sufficiently plausible. At most, Konick has broadly speculated that unknown future purchasers would be interested in his property as a potential tourist home site – knowing they would have to apply (and obtain) a special exception permit in any event – because it has river frontage, building sites, and mountain views.[3] There is no allegation that Konick tried to sell his property but failed, a potential sale fell through, or the market value of the property actually fell, because of the 2024 Amendment. "In zoning cases, no less than all others, allegations of standing 'must be something more than an ingenious academic exercise in the conceivable.'" *Morgan v. Bd. of Supervisors of Hanover Cnty.*, 883 S.E.2d 131, 139 (Va. 2023) (quoting *Warth*, 422 U.S. at 509) (finding standing because the homeowners alleged "particularized harm" not speculation about potentials harms associated with industrial sites "in the abstract"). In contrast to cases finding standing without a "final decision" applying the law to the property, Konick has not sufficiently alleged the 2024 Amendment harmed him.

The Board has effectively challenged subject matter jurisdiction, providing undisputed evidence beyond the Complaint that the 2024 Amendment does not bar the Trust from making a special exception application. Further, Konick has not met his burden to show subject matter jurisdiction as his other alleged injury, diminished market value, is speculative.

---

[3] The Board also maintains that the property "is accessible by vehicle only by a drive entered from Thunder Valley Lane" which does not meet the required Type II Road Standards to develop a tourist home, supporting these claims with the Declaration of Garrey W. Curry, Jr., the County Administrator in Rappahannock County. Dkt. 10-1. Konick objects to the Curry Declaration and also disputes this conclusion, writing that "depending on where it was situated on the subject property, a potential tourist home could have direct access to Wharton Hollow Road." Dkt. 14. I need not address these arguments because I find that Konick has not adequately shown standing.

## IV. Conclusion

Accordingly, the Board's motion to dismiss under Rule 12(b)(1) is granted, and this matter is dismissed without prejudice.

Entered: March 26, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge